IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

Gabriel Blue,

        Plaintiff,

v.

Clear Advantage Glass, LLC, a Colorado limited liability company, and
Shaun Bunting, individually,

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Gabriel Blue, by and through counsel, CORNISH & DELL'OLIO, P.C. and for his Complaint against the Defendants, states as follows:

### Introduction

1. This is an action to recover unpaid wages pursuant to the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*) and the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.*, and for breach of contract.

### Jurisdiction

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

### Parties

3. Gabriel Blue is a natural person who resides in Pueblo, Colorado who was employed by Clear Advantage Glass, LLC and Shaun Bunting from November 8, 2021 through March 11, 2022.

1

4. Clear Advantage Glass, LLC is a Colorado limited liability company managed by Shaun Bunting.

5. Clear Advantage Glass, LLC provides a variety of services, including glass installation, glass replacement, and glazing.

6. Clear Advantage Glass, LLC does business in Salida, Colorado and the surrounding area.

7. At all times relevant to the Complaint, Clear Advantage Glass, LLC was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)) with gross sales of more than $500,000.00 per year.

8. Defendant Shaun Bunting owns Clear Advantage Glass, LLC and has management authority over Clear Advantage Glass, LLC.

9. Shaun Bunting is a person within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(a).

10. Mr. Bunting exercised operational control over Clear Advantage Glass, LLC's business, including all decisions regarding hiring, firing, and employee compensation.

11. Mr. Bunting resides in Salida, Colorado.

12. Mr. Bunting is an employer in his individual capacity as defined by the Fair Labor Standards Act, 29 U.S.C. § 203 (d) and the Colorado Wage Act, C.R.S. § 8-4-101(6).

13. Mr. Blue worked as an employee of both Clear Advantage Glass, LLC and Mr. Bunting in his individual capacity (jointly "the Employers") pursuant to 29 U.S.C. § 203 (d) and C.R.S. § 8-4-101(5).

**Venue**

14. All, or a substantial part, of the events giving rise to the claims occurred in the

District of Colorado.

## Facts

15. Plaintiff realleges all prior paragraphs and incorporates them herein.

16. Gabriel Blue was hired by Defendants on November 8, 2021.

17. Mr. Blue and Clear Advantage Glass, LLC ("CAG") entered into a written employment contract that governed the terms and conditions of Mr. Blue's employment.

18. Mr. Blue was hired to work as CAG's Office Manager.

19. CAG agreed to pay Mr. Blue a salary of $75,000 per year.

20. Mr. Blue also earned bonuses based on the amount of money in CAG's bank accounts at the end of each month.

21. Mr. Blue's monthly bonus was calculated in the following manner: when CAG's bank account balances exceeded $100,000 on the last day of a month, the difference between the actual bank account balances and $100,000 would be rounded up to the nearest $10,000, with 50% of that rounded up excess amount going to CAG and the other 50% of the rounded up excess amount being divided equally among the company's managers.

22. During Mr. Blue's employment, CAG had two managers: Mr. Blue and one other manager.

23. As CAG had two managers, Mr. Blue's monthly bonus should have been one-half of the amount that was 50% of the difference between the actual bank account balances and $100,000 after having been rounded up to the nearest $10,000.

24. Put differently, Mr. Blue's monthly bonus should have been 25% of the difference between the actual bank account balances after having been rounded up to the nearest $10,000 and $100,000.

25. On the last day of December 2021, CAG's bank account balances were more than $100,000.

26. On the last day of December 2021, CAG's bank account balances were in excess of $111,000.

27. Pursuant to the parties' agreement, Mr. Blue's bonus for December 2021 was $5,000.

28. Mr. Blue earned a $5,000 bonus for December 2021.

29. Mr. Blue was not paid a bonus for December 2021.

30. On the last day of January 2022, CAG's bank account balances were more than $100,000.

31. On the last day of January 2022, CAG's bank account balances were in excess of $163,000.

32. Pursuant to the parties' agreement, Mr. Blue's bonus for January 2022 was $17,500.

33. Mr. Blue earned a $17,500 bonus for January 2022.

34. Mr. Blue was not paid a bonus for January 2022.

35. On the last day of February 2022, CAG's bank account balances were more than $100,000.

36. On the last day of February 2022, CAG's bank account balances were in excess of $234,000.

37. Pursuant to the parties' agreement, Mr. Blue's bonus for February 2022 was $35,000.

38. Mr. Blue earned a $35,000 bonus for February 2022.

39. Mr. Blue was not paid a bonus for February 2022.

40. During Mr. Blue's employment, Defendants deducted $529 from his weekly paychecks.

41. The $529 deduction was taken from each of Mr. Blue's weekly paychecks from November 26, 2021 through February 11, 2022.

42. No deductions were made from Mr. Blue's paycheck on February 18, 2022.

43. No deductions were made from Mr. Blue's paycheck on February 25, 2022.

44. Defendants made deductions of $529 from 12 of Mr. Blue's paychecks.

45. Defendants deducted $6,348 from Mr. Blue's paychecks.

46. There was no written agreement between Mr. Blue and Defendants that authorized the deductions from Mr. Blue's paychecks.

47. Defendants were not making the deductions from Mr. Blue's paychecks to cover the replacement cost of a shortage due to theft.

48. Defendants did not file any report with a law enforcement agency in connection with any alleged theft by Mr. Blue.

49. During the week of February 21 to February 25, 2022, Mr. Blue worked at least 40 hours for Defendants.

50. During the week of February 21 to February 25, 2022, Mr. Blue earned at least $1,442.30.

51. Defendants did not pay Mr. Blue any wages for the time he worked during the week of February 21 to February 25, 2022.

52. During the week of February 28 to March 4, 2022, Mr. Blue worked at least 40 hours for Defendants.

53. During the week of February 28 to March 4, 2022, Mr. Blue earned at least $1,442.30.

54. Defendants did not pay Mr. Blue any wages for the time he worked during the week of February 28 to March 4, 2022.

55. During the week of March 7 to March 11, 2022, Mr. Blue worked at least 40 hours for Defendants.

56. During the week of March 7 to March 11, 2022, Mr. Blue earned at least $1,442.30.

57. Defendants did not pay Mr. Blue any wages for the time he worked during the week of March 7 to March 11, 2022.

58. On March 11, 2022, Defendants terminated Mr. Blue's employment.

59. Pursuant to the terms of the employment contract between CAG and Mr. Blue, CAG could only terminate Mr. Blue's employment for cause.

60. CAG did not terminate Mr. Blue's employment for cause.

61. Pursuant to the terms of the employment contract between CAG and Mr. Blue, CAG was required to provide Mr. Blue with 100 days of written notice prior to termination.

62. CAG did not provide Mr. Blue with 100 days of written notice prior to his termination.

### First Cause of Action—Violation of the Fair Labor Standards Act)

63. All previous paragraphs are incorporated herein by reference.

64. Defendants are employers covered by the Fair Labor Standards Act.

65. Defendants were obligated to at least pay Plaintiff the required minimum wage for every hour of work he performed.

66. Defendants failed to pay Plaintiff minimum wage during the week of February 21 to February 25, 2022.

67. Defendants failed to pay Plaintiff minimum wage during the week of February 28 to March 4, 2022.

68. Defendants failed to pay Plaintiff minimum wage during the week of March 7 to March 11, 2022.

69. The Defendants' failure to pay Plaintiff at least minimum wage for all hours worked in a single work week was in violation of the federal Fair Labor Standards Act. 29 U.S.C. § 206.

**Second Cause of Action—Violation of the Colorado Wage Act, C.R.S. 8-4-109**

70. All previous paragraphs are incorporated herein by reference.

71. Plaintiff's unpaid weekly compensation for the work weeks from February 21 through March 11, 2022 is wages within the meaning of C.R.S. § 8-4-101(14)(a)(I).

72. Plaintiff's unpaid bonuses are wages and within the meaning of C.R.S. § 8-4-101(14)(a)(II).

73. Plaintiff's unpaid weekly wages were earned at the time he performed services for the Employers.

74. Plaintiff's unpaid bonuses were earned at the end of each calendar month in which Plaintiff performed services for the Employers and the CAG bank account balances were in excess of $100,000 on the last day of the month.

75. Defendants improperly withheld $6,348 from Plaintiff's paychecks by improperly deducting $529 from 12 of Plaintiff's paychecks.

76. There was no written agreement authorizing the deductions Defendants made

from Plaintiff's paychecks.

77. Plaintiff's wages were vested and determinable.

78. Plaintiff made a demand for payment of wages pursuant to C.R.S. § 8-4-109 at the same time this Complaint was served on Defendants.

79. The Employers' failure to pay Plaintiff's earned, vested, and determinable wages violated the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*.

80. The Employers' failure to pay Plaintiff's wages was willful.

### Third Cause of Action – Breach of Contract

81. All previous paragraphs are incorporated herein by reference.

82. Defendant CAG and Plaintiff agreed upon employment terms, which included payment of bonuses, required specific cause for CAG to terminate the contract, and required 100 days written notice of termination.

83. Plaintiff accepted Defendant CAG's offer.

84. Plaintiff performed his duties under the contract by working for Defendant CAG.

85. Plaintiff's labor provided consideration for the contract.

86. Defendant CAG failed to pay Plaintiff the bonuses he earned.

87. Defendant CAG terminated Plaintiff's employment without cause.

88. Defendant CAG failed to provide Plaintiff with 100 days written notice of the termination of his employment.

89. Plaintiff suffered damages as the result of Defendant CAG's breach of the contract.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a. All unpaid wages, including bonuses;

b. Penalties pursuant to C.R.S. § 8-4-109(3)(b);

c. Penalties pursuant to C.R.S. § 8-4-109(3)(c);

d. Costs and attorneys' fees pursuant to C.R.S. § 8-4-110;

e. Unpaid minimum wages;

f. Liquidated damages;

g. General contractual damages;

h. Consequential damages;

i. Pre- and post-judgment interest at the highest rate allowed by law;

j. Nominal damages;

k. All other legal or equitable relief to which Plaintiff is entitled.

Respectfully submitted this 23rd day of March 2022.

                                                    CORNISH & DELL'OLIO, P.C.

                                                    s/Ian D. Kalmanowitz
                                                    Ian D. Kalmanowitz, # 32379
                                                    Cornish & Dell'Olio, P.C.
                                                    431 N. Cascade Ave. Suite 1
                                                    Colorado Springs, CO 80903
                                                    719-475-1204
                                                    719-475-1264 (fax)
                                                    ikalmanowitz@cornishanddellolio.com
                                                    Attorneys for Plaintiff

Plaintiff's address:

5 Donnington St.
Pueblo, CO 81005